JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHARMAINE PRESSLEY

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

## DEFENDANTS

REICO KITCHEN & BATH

County of Residence of First Listed Defendant   MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 862 Black Lung (923) | |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII, PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/24/2021

SIGNATURE OF ATTORNEY OF RECORD
Sidney L. Gold, Esquire

Digitally signed by Sidney L. Gold, Esquire
Date: 2021.11.24 12:47:48 -05'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
  United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
  United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
  Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
  Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
  Original Proceedings.  (1) Cases which originate in the United States district courts.
  Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
  Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
  Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
  Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
  Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
  Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
  Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
  Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 810 E. Hortter Street, Philadelphia, Pennsylvania 19119 _____

Address of Defendant: _____ 3602 Horizon Drive, King of Prussia, Pennsylvania 19406 _____

Place of Accident, Incident or Transaction: _____ 3602 Horizon Drive, King of Prussia, Pennsylvania 19406 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/24/2021 _____   /s/ Sidney L. Gold, Esq. _____   21374 _____

                        *Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

*B.*  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ SIDNEY L. GOLD, ESQUIRE _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 11/24/2021 _____   /s/ Sidney L. Gold, Esq. _____   21374 _____

                        *Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| CHARMAINE PRESSLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| REICO KITCHEN & BATH | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (☑)


| | | |
|---|---|---|
| 11/24/2021 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARMAINE PRESSLEY, | : | |
| | : | |
| ***Plaintiff,*** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO._____** |
| | : | |
| REICO KITCHEN & BATH, | : | |
| | : | |
| ***Defendant.*** | : | |
| _____ | : | |

## COMPLAINT AND JURY DEMAND

**I.   PRELIMINARY STATEMENT:**

1.      This is an action for an award of damages, attorneys' fees and other relief on behalf of the Plaintiff, Charmaine Pressley ("Plaintiff Pressley"), a former employee of the Defendant, REICO Kitchen & Bath ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.      This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

**II.   JURISDICTION AND VENUE:**

3.      The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff Pressley's claims are substantively based on Title VII.

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Pressley's claims arising under the PHRA.

5.     All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Pressley has satisfied all other jurisdictional prerequisites to the maintenance of this action.  On September 9, 2021, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

## III.   **PARTIES**:

6.     Plaintiff, Charmaine Pressley ("Plaintiff Pressley"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 810 E. Hortter Street, Philadelphia, Pennsylvania 19119.

7.     Defendant, REICO Kitchen & Bath ("Defendant"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located therein at 3602 Horizon Drive, King of Prussia, Pennsylvania 19406.

8.     At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.     At all times material herein, the Defendant has been a "person" and "employer" as defined by Title VII and the PHRA, and has been, and is, subject to the provisions of each said Act.

## IV.   **STATEMENT OF FACTS**:

10.     Plaintiff Pressley, an African-American female, was employed by the Defendant from on or about March 17, 2003 until on or about February 14, 2020, the date of her unlawful termination.

11.     Upon commencing employment with the Defendant, Plaintiff Pressley held the position of Project Coordinator. In or about October of 2013, as a result of her exemplary work performance, Plaintiff Pressley earned a promotion to the position of Branch Manager. Thereafter, in or about 2016, Plaintiff Pressley earned another promotion to the position of Key Business Manager, which is the position that she held until her termination. Throughout her employment, Plaintiff Pressley consistently earned positive performance evaluations and corresponding salary increases.

12.     Importantly, during her employment with Defendant, Plaintiff Pressley was the sole African-American individual employed at Defendant's King of Prussia location.

13.     In or about September 2018, Plaintiff Pressley began reporting directly to Jeff Rizzi ("Rizzi"), Regional Manager, a Caucasian male. Prior thereto, Plaintiff Pressley had reported to Anthony DeMarco ("DeMarco"), Regional Manager. Upon DeMarco's departure, Plaintiff Pressley had expressed an interest in DeMarco's former position with Kim Espil ("Espil"), Manager, however Defendant did not consider Plaintiff Pressley for said position.

14.     Following Rizzi's promotion, Rizzi and Thomas Valko ("Valko"), Project Coordinator, began making offensive and discriminatory remarks and "jokes" in the workplace, many of which occurred in the presence of Plaintiff Pressley.

15.     By way of example, Rizzi and Valko referred to gay individuals as "fudge packers," thereby referring to the act of engaging in anal sex, and mocked a Vietnamese colleague's race by "joking" about offensive Asian stereotypes. Said conduct was so upsetting to Plaintiff Pressley's colleague that on or about November 13, 2018, Plaintiff Pressley found her crying in the restroom. Plaintiff Pressley's colleague disclosed to Plaintiff Pressley that she could

no longer handle the harassment, and that she had previously complained to Rizzi but nothing had changed.

16.     Importantly, Rizzi had previously made inappropriate and racially offensive comments in Plaintiff Pressley's presence. By way of background, Plaintiff Pressley worked directly with Rizzi at various times during her employment. On one occasion, when discussing slang terms with a colleague, Rizzi became irritated with Plaintiff Pressley when she mentioned a specific term that he believed to be "urban." Specifically, Rizzi responded that he did not use "urban" language or "ebonics." On another occasion, Rizzi informed Plaintiff Pressley that it was "no big deal" that a customer had referred to her as a "black bitch" and justified the client's behavior by stating that he "always talks like that."

17.     As such, on or about November 15, 2018, Plaintiff Pressley registered a written complaint of discrimination on her Vietnamese colleague's behalf with Rizzi regarding the discriminatory treatment and Defendant's racially offensive culture.

18.     Shortly thereafter, on or about November 19, 2018, Plaintiff Pressley was summoned to a meeting with Rizzi and Espil, during which Epsil belittled Plaintiff Pressley's concerns, accused her of "overreacting," and directed to "mind [her] own business." Epsil's reaction made clear to Plaintiff Pressley that her complaint was not going to be taken seriously. Indeed, Defendant took no corrective action in response to Plaintiff Pressley's complaint, and instead unjustifiably terminated the employment of Plaintiff Pressley's colleague shortly thereafter.

19.     Throughout the following several months, Plaintiff Pressley became increasingly distressed by Defendant's culture as well as Rizzi's refusal to provide assistance to Plaintiff Pressley to perform her job duties. While Plaintiff Pressley's colleagues received support from

project coordinators and weekly meetings to discuss goals and benchmarks, she was consistently required to handle a    staggering workload without assistance or the benefit of a weekly meeting.

20.     As a result of her work environment, Plaintiff Pressley began experiencing severe stress, elevated blood pressure, headaches, insomnia, and weight loss. On or about April 30, 2019, Plaintiff Pressley's debilitating symptoms resulted in her hospitalization. Rather than show concern for Plaintiff Pressley's condition, Rizzi inundated Plaintiff Pressley with telephone calls and text messages regarding her return to work.

21.     On or about May 21, 2019, Plaintiff Pressley requested to meet with Rizzi, during which she again requested support from Rizzi and project coordinators in ensuring that she was able to adequately perform her responsibilities. In response, Rizzi dismissed Plaintiff Pressley's concerns and advised that she would either have to wait or complete the work herself. When Plaintiff Pressley indicated that she felt that Rizzi was setting her up for failure, Rizzi became enraged and berated Plaintiff Pressley.

22.     As such, on or about May 24, 2019, Plaintiff Pressley met with Mari Becker ("Becker"), Human Resources Manager, during with she discussed her concerns with Defendant's discriminatory culture and Rizzi's hostile and disparate treatment. In response, rather than address Plaintiff Pressley's concerns and work toward a solution, Becker merely questioned whether Plaintiff Pressley was interested in resigning from her employment.

23.     Thereafter, in a direct act of retaliation, in or about June of 2019, Defendant issued Plaintiff Pressley an unjustified performance improvement plan.

24.     As a result of Plaintiff Pressley's continuing physical manifestations of stress and anxiety resulting from Defendant's discriminatory and retaliatory work environment, on or about

June 24, 2019, Plaintiff Pressley commenced a medical leave of absence under the Family and Medical Leave Act ("FMLA").

25.     In or about September of 2019, Plaintiff Pressley returned to work. However, Plaintiff Pressley returned to the same offensive work environment, which had become worse with the hire of Eric Kiley ("Kiley"), Project Coordinator. Shortly after her return, in or about October of 2019, Plaintiff Pressley registered a complaint with Rizzi regarding racially and sexually offensive commentary in the workplace, as well as rampant unprofessional conversations.

26.     On or about October 9, 2019, Plaintiff Pressley met with Laura Saddler ("Saddler"), Vice President of Sales, and requested a transfer to another location, even if such a transfer required that she move to a different state. However, Saddler advised that there was nothing that she could do in response to Plaintiff Pressley's request. As such, Plaintiff Pressley continued to work to the best of her ability under the circumstances.

27.     On or about December 27, 2019, Kiley inadvertently sent Plaintiff Pressley a text message intended for another recipient stating, "You think that the dumb black cunt said anything to me when she got back at 5pm… Nope, so I locked the front door and left out the side door."  Kiley was referring to Plaintiff Pressley as the "dumb black cunt" and intended to send the said text message to Rizzi. Immediately upon receipt, Plaintiff Pressley forwarded the said text message to Rizzi, Saddler, and Becker.

28.     On or about January 2, 2020, Plaintiff Pressley met with Rizzi and stated that she did not feel comfortable working with Kiley. Rizzi assured Plaintiff Pressley that he would deal with Kiley "harshly," but did not agree with Plaintiff Pressley's belief that Kiley should be terminated.

29.     Thereafter, on or about January 6, 2020, Kiley apologized to Plaintiff Pressley at Rizzi's direction. When Plaintiff Pressley asked why he wrote the aforesaid words, Kiley merely responded that he did not intend for Plaintiff Pressley to receive the text message.

30.     Over the course of the next month, Plaintiff Pressley repeatedly reiterated her discomfort with working with Kiley to Rizzi. However, Rizzi insisted that Kiley work with Plaintiff Pressley on projects, and admonished Plaintiff Pressley to "get over it."

31.     On or about February 7, 2020, Plaintiff Pressley met with Rizzi, Epsil, and Saddler to further discuss her discomfort with being assigned to work with Kiley given his blatantly discriminatory animus. During said meeting, Rizzi and Epsil informed Plaintiff Pressley that she had to "get past" Kiley's comments and work with him, as Defendant had no intention of removing Kiley from his position. In response, Plaintiff Pressley reiterated her extreme discomfort with being assigned to work directly with Kiley.

32.     As such, on or about February 14, 2020, Defendant terminated Plaintiff Pressley's employment. As justification for said decision, Saddler stated, "we know you haven't been too happy; I want you to be happy."

33.     Plaintiff Pressley believes and avers that no legitimate business reason existed for the termination of her employment, and that the Defendant actually terminated her employment based on her race (African-American) and/or in retaliation for opposing unlawful discrimination in the workplace.

## COUNT I
### (Title VII- Race Discrimination, Retaliation)
### Plaintiff Pressley v. Defendant

34.     Plaintiff Pressley incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth at length herein.

35.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Pressley to discrimination on the basis of her race, and retaliating against her for opposing race discrimination in the workplace, constituted violations of Title VII.

36.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff Pressley has sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

37.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff Pressley suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT II
**(PHRA - Race Discrimination, Retaliation)**
**Plaintiff Pressley v. Defendant**

38.     Plaintiff Pressley incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth at length herein.

39.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Pressley to discrimination on the basis of her race, and retaliating against her for opposing race discrimination in the workplace, constituted violations of the PHRA.

40.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant in violation of the PHRA, Plaintiff Pressley has sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

41.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant in violation of the PHRA, Plaintiff Pressley suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

42.     Plaintiff Pressley incorporates by reference paragraphs 1 through 41 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Pressley requests that this Court enter judgment in her favor and against the Defendant, and order that:

a.     Defendant compensate Plaintiff Pressley with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation;

b.     Defendant compensate Plaintiff Pressley with an award of front pay, if appropriate;

c.     Defendant pay to Plaintiff Pressley punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.     Defendant pay to Plaintiff Pressley pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.     The Court award such other relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff Pressley demands trial by jury.

          SIDNEY L. GOLD & ASSOC., P.C.

By:   /s/ Sidney L. Gold, Esquire
       SIDNEY L. GOLD, ESQUIRE
       I.D. No.:  21374
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       (215) 569-1999
       Attorneys for Plaintiff

DATED:  November 24, 2021

**VERIFICATION**

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: _11/12/21_

_____
CHARMAINE PRESSLEY, PLAINTIFF